UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
FLORIDA

JOSE LORENTE §
§
    Plaintiff, §
§ CASE No.: 1:17-cv-21368
vs §
§
BLUE LAGOON CONDOMINIUM §
ASSOCIATION, INC. § TRIAL BY JURY
§ REQUESTED
    Defendant. §

## COMPLAINT

Plaintiff, JOSUE LORENTE, hereby sues the Defendant, BLUE LAGOON CONDOMINIUM ASSOCIATION, INC. ("Blue Lagoon" or "Defendant"), and as grounds therefore states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover unpaid straight time compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 USC §§201-219 (hereafter "FLSA"). Plaintiff also brings this action under the anti-retaliation provisions of the whistleblower and unpaid wages claims under Florida state law.

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), and by 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over the Plaintiffs claims arising under state law.

3. Venue of this action is established in this Court by 29 U.S.C. § 216(b) and by 28 USC § 1391(b).

1

4. The unlawful employment practices were committed within the jurisdiction of this Court and the parties can be said to reside within the venue.

**PARTIES**

5. Plaintiff, at all times material to this complaint, was an employee of Defendant and is a resident of Miami-Dade County Florida.

6. BLUE LAGOON CONDOMINIUM ASSOCIATION, INC. is a corporation incorporated under the laws of Florida, with its principal place of business at 5077 NW 7TH STREET MIAMI, FL 33126. Defendant does business within the Southern District of Florida. Defendant operates a condominium association, where Plaintiff was employed. BLUE LAGOON CONDOMINIUM ASSOCIATION, INC is an enterprise engaged in an industry affecting commerce and is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r), 29 U.S.C. § 203(s), and 29 U.S.C. §203(d).

7. Upon information and belief, at all relevant times, BLUE LAGOON CONDOMINIUM ASSOCIATION, INC had gross annual revenues in excess of $500,000.00.

8. Plaintiff was an employee of BLUE LAGOON CONDOMINIUM ASSOCIATION, INC as defined by 29 U.S.C. § 203(c).

**COUNT I-VIOLATION OF FLSA**

9. Plaintiff adopts and realleges paragraphs 1 through 8 above as if fully set forth herein.

10. Under 29 U.S.C. §207, employees covered by the FLSA are entitled to compensation for all hours worked, and overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, except as otherwise provided in such section.

11. Plaintiff, suffered and were permitted to work and did work in excess of 40 hours per workweek for Defendant without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which Plaintiff was employed. In addition, Plaintiff, suffered and were permitted to work straight time without being compensated at regular rate.

12. The failure of Defendant to compensate Plaintiff at one and one-half times the regular rate for such excess hours is a violation of the FLSA. The failure to compensate Plaintiff at the given rate of pay for all hours worked is a violation of the FLSA. The violations by Defendant of the provisions of the FLSA were willful.

13. Defendant, therefore, is liable to Plaintiff, in the amount of the unpaid hours and overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorneys' fees, together with the costs and disbursements of this action.

14. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the applicable regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Jean-Baptiste from which the precise amount of Defendant's liability can be ascertained.

15. Upon information and belief, at all times relevant within the period three years prior to the filing of this Complaint, Defendant was aware of the provisions of the FLSA, as amended, 29 U.S.C. §201 *et seq.,* requiring payment of overtime compensation at the rate of time and one-half the regular rate to hourly employees working hours over 40 in a workweek.

16. Specifically, Plaintiff is entitled to the unpaid overtime and straight time compensation for his last pay period 2/20/17-3/3/17, plus liquidated damages, costs, attorney fees, etc. for this time period.

**WHEREFORE**, Plaintiff request the Court to grant the following relief:

(a) judgment declaring that Defendant violated Plaintiff's statutory rights and entitlement to be paid overtime and straight time as required by federal and state law;

(b) an order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled to under the Fair Labor Standards Act;

(c) judgment against Defendant awarding Plaintiff, monetary damages in the form of unpaid straight time compensation and unpaid overtime compensation and an additional amount as liquidated damages equal to the unpaid wages and overtime compensation pursuant to 29 U.S.C. §216(b), and post-judgment interest;

(d) reasonable attorneys' fees;

(e) the costs and disbursements of this action; and

(f) such other relief as this Court deems just and proper.

## COUNT II-VIOLATION OF FLORIDA STATUTE §448.101 et sea.,

## (WHISTLEBLOWER RETALIATION)

17. Plaintiff readopts and realleges paragraphs 1 through 8 above as if fully set forth herein.

18. At all times pertinent, Plaintiff was an employee as defined by §448.101(2), Fla. Stat., and Defendant was an employer as defined by §448.101(3), Fla. Stat.

19. During Plaintiff's employment, Plaintiff engaged in protected activity within the meaning of §448.102, Fla. Stat., including objection to and refusal to participate in the illegal fraud, misuse and misappropriation of association money, etc. of Defendant; and complaints to both Defendant's management, etc.

20. As a result of Plaintiff's protected activity, Defendant took retaliatory personnel actions against Plaintiff in the terms and conditions of employment, including ultimately terminating employment.

**WHEREFORE** Plaintiff seeks compensation for lost wages, benefits, and other remuneration, compensatory damages, reinstatement, and injunctive relief as provided in §448.103(2), Fla. Stat, and reasonable attorneys' fees, costs and expenses pursuant to §448.104, Fla. Stat., and such other relief as this Court deems just and proper.

## COUNT III-FLORIDA UNPAID WAGES VIOLATIONS

21. Plaintiff readopts and realleges paragraphs 1 through 8 above as if fully set forth herein.

22. At all times pertinent, Plaintiff was an employee as defined by §448.101(2), Fla. Stat., and Defendant was an employer.

23. Plaintiff has fully earned wages and is entitled to payment.

24. Specially, payment for Plaintiff's last pay period.

25. Defendant failed to pay Plaintiff the wages fully earned and are now owed.

**WHEREFORE,** Plaintiff respectfully prays for judgment in the amount of the unpaid wages plus interest and reasonable attorneys' fees and costs pursuant to §448.08, Fla. Stat., and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

26. Plaintiff demands trial by jury as to all issues so triable as a matter of right.


DATED: April 10, 2017

>Respectfully Submitted,
>
>**/s/ Alberto Naranjo**
>Florida Bar No. 92923
>AN@ANLawFirm.com
>AN Law Firm, P.A.
>7900 Oak Lane #400
>Miami Lakes, FL 33016
>Telephone: 305-942-8070
>***ATTORNEYS FOR THE PLAINTIFF***